UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIRAM ZAMUDIO-BERGES,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

08 Civ. 8789 (RO) (RLE)

## ORDER

RICHARD OWEN, United States District Judge:

*Pro se* Petitioner filed a petition for a writ of habeas corpus (the "Petition") under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. After pleading guilty to one count of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), Petitioner was sentenced to 360 months' imprisonment.

Magistrate Judge Ronald L. Ellis filed a Report and Recommendation in which he recommended that the Petition be denied. For the reasons set forth below, this Court concurs with the Report and Recommendation and adopts it in full as the Order of this Court.

## BACKGROUND

The relevant facts in this case are provided in Judge Ellis' Report and Recommendation (the "Report") and will not be repeated here in full.

Petitioner was arrested on May 1, 2001. Law enforcement agents had learned the month prior from a cooperating witness that Petitioner planned to deliver fifty kilograms of cocaine to an individual in Manhattan. On this basis, officers recorded telephone calls between Petitioner and the cooperating witness and on the day of Petitioner's arrest, set up surveillance at the

location where the witness had planned to meet Petitioner.  Petitioner was arrested at this time by police officers and agents from the Drug Enforcement Administration.

Petitioner made several statements after his arrest in which he admitted he had been contacted by a woman who instructed him to travel to New York to pick up "5," meaning either 5, 50, or 500 kilograms of cocaine and that on the day he was arrested he had been expecting a call from the individual from whom he would be picking up the drugs.  Petitioner also admitted that he was present in the United States unlawfully.

Petitioner, represented by counsel, thereafter filed a motion to suppress the evidence gained from the arrest on the basis that officers had not provided Miranda warnings prior to him making these statements and that officers lacked probable cause to arrest Petitioner.  This motion was denied on April 14, 2002 and a trial date set for August, 2002.  Petitioner then pled guilty on April 16, 2003, to one count of conspiring to possess with intent to distribute cocaine.  Prior to doing so, Petitioner was provided a letter setting forth the Government's position on the application of the United States Sentencing Guidelines to his case and told him that based on the offense level plus enhancements, Petitioner faced a sentencing range of up to life in prison. Petitioner stated at the plea hearing that his attorney had explained the charges to him, that he was aware of his right to plead not guilty and proceed to trial by jury, that he had not been induced by any threats or promises to plead guilty, and that he had reviewed the information related to his sentencing and understood it.

Petitioner was sentenced on July 14, 2005.  The sentencing court imposed two-level enhancements for Petitioner's use of firearms, his obstruction of justice, and his role in the offense, resulting in a sentencing guidelines range of 360 months to life imprisonment.

Petitioner was sentenced to 360 months' imprisonment to be followed by five years of supervised release.

Plaintiff challenged his sentence on direct appeal contending that it exceeded the statutory maximum penalty based on facts he did not admit and were not found beyond reasonable doubt by a jury, and that his sentence was substantively unreasonable.  The Second Circuit Court of Appeals affirmed Petitioner's sentence on June 14, 2007.  *United States v. Zamudio-Berges*, 226 Fed. Appx. 56 (2d Cir. 2007).

Petitioner thereafter filed the instant § 2255 petitioner on September 16, 2008, which asserts several claims:  the police lacked probable cause to arrest him and he was not properly Mirandized so his post-arrest statements should be suppressed; he was denied his right to be informed of the charges against him; he was denied the right to be charged on an indictment; he was denied the right to due process; he was denied the right to a trial by jury; he was denied the right to a speedy trial; he was denied the right to compulsory process; he was denied the right to confront the witnesses against him; he was denied the right to proceed *pro se*; the sentencing court lacked jurisdiction; his sentence exceeded the legal maximum punishment; his sentence was imposed in violation of the Sentencing Guidelines; he did not knowingly waive indictment to the charges; his guilty plea was not knowing and voluntary; and he received ineffective assistance of counsel throughout the proceedings.

Magistrate Judge Ellis issued a Report and Recommendation in which he recommended that the petition be denied. [dkt. no. 16.]  Petitioner thereafter filed objections to the Report. [dkt. no. 18.]

## DISCUSSION

A. **Standard of Review**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation.  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made.  28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).  A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation.  *See United States v. Raddatz*, 447 U.S. 667, 676 (1980).  Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992).  Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002); *Kennedy v. Adamo*, 2006 WL 3704784, at *1 (E.D.N.Y. 2006) ("*de novo* review of a magistrate's Report and Recommendation is not warranted by objections that simply attempt to engage the district court in a rehashing of the same arguments set forth in the original petition."); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)

(the district court "is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed.") On a "*de novo* review, a district court will ordinarily refuse to consider arguments, case law, and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance." *Cusamano v. Sobek*, 604 F.Supp.2d 416, 425 (N.D.N.Y. 2009).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a *pro se* litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *Milano v. Astrue*, 2008 WL 4410131, at *3-4 (S.D.N.Y. 2008); *but see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply re-litigating a prior argument.)

### B. 28 U.S.C. § 2255

Section 2255 permits federal prisoners to contest the legality of their convictions and sentences. A motion filed under that section must allege that 1) the sentence was imposed in violation of the Constitution or law of the United States; 2) the sentencing court lacked jurisdiction to impose a sentence; 3) the sentence was in excess of the maximum sentenced authorized by law; or 4) the sentence is otherwise subject to collateral attack. *See Cuocq v.*

*United States*, 208 F.3d 27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428

(1962)) (stating that collateral relief under Section 2255 is only available "for a constitutional

error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a

'fundamental defect which inherently results in a complete miscarriage of justice.'")

## C. **The Report and Recommendation**

As stated above, the Report and Recommendation recommends that the Petition be

denied in its entirety.

This Court has reviewed the Report and Recommendation, Petitioner's objections, and

the record in this case. After doing so, this Court concludes that the Report is adequately

supported in law and by the record in all respects. Petitioner's objections to the Report are

generally vague, unsubstantiated, and in many aspects irrelevant. The objections fail to provide

any basis which could compel this Court to depart from Judge Ellis' findings.

## D. **Petitioner's Objections to the Report and Recommendation**

*Objections 1 and 2.*

Petitioner's objections numbered "1" and "2" are vague and unsupported. Petitioner

makes conclusory assertions that the factual history of this proceeding, as set forth in Report's

background section, was "determined without the proper means and procedure," and that the list

of claims made in the §2255 petition omits some of Petitioner's claims and contains "imprecise

citation." (Pet. Obj. at 2.)[1]

Petitioner has not identified which facts he controverts or how the facts were allegedly

improperly established, which of his claims were omitted from discussion, and which citations in

"subsection F" are improper. The record reflects that all of Petitioner's claims were considered

in the Report. To the extent that any of the citations in subsection F are incorrect, these errors

---

[1] "Pet. Obj." refers to Petitioner's Objections to the Report and Recommendation, dated November 23, 2011.

are harmless and do not establish that Petitioner's claims, as laid out in the petition, were not fully considered. (*See* Pet. Obj. at 7-8.)

## Objections 3 and 4.

Petitioner asserts that the Report's placement of a citation to *Haines v. Kerner,* 404 U.S. 519, 520 (1972) in a footnote is improper. This claim has no merit. Petitioner fails to identify how a citation placed in a footnote, rather than in the body of the Report's text, in any way prejudices him or the arguments made in his Petition. Furthermore, the principle that a reviewing court will attempt to construe arguments made by *pro se* litigants liberally in the light most favorable to the *pro se* litigant is well-established and its placement in a footnote has no effect on the Court's application of the standard.

Similarly, Petitioner's fourth objection challenges "the Magistrate's stopping short of following *Hanes v. Kerner* by just having 'attempted' to follow it." (Pet. Obj. at 2.) Petitioner's claim is without merit. Petitioner has failed to point to specific portions of the Report which, according to him, fail to construe his claims in the light most favorable to him. Furthermore, there is no absolutely no indication that the Report did not construe all of Petitioner's claims in the light most favorable to him. To the contrary, this Court finds that the Report did in fact construe Petitioner's claims in that light but nonetheless properly found them without merit.

## Objection 5.

Petitioner claims that the "Discussion" section of the Report was improper, according to him, "[f]or not having considered and determined [his] Claims following their logical arrangement, one by one, and by title, therefore confussing [sic] or omitting the Claims, the facts, and the R&R's findings and conclusions rendering it unreliable." (Pet. Obj. at 3.)

This objection is unfounded. There is no basis for Petitioner's apparent argument that reviewing courts must structure their orders in the manner Petitioner proposes or organize the claims according to how they were presented in the Petition. To the contrary, courts are more properly suited to decide how to organize their rulings than litigants, especially in this case where Petitioner's motion was 250 pages long and contained a myriad of claims.

Furthermore, there is no indication that the Report did not fully review all of Petitioner's claims. Petitioner's objection is without merit.

*Objection 6.*

Petitioner's objection contains vague and general assertions, and as such the Court reviews this objection for clear error. Petitioner has failed to identify any error, flaw, or omission in the Report. As stated above, objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo*, 806 F.Supp. at 380-81. Merely perfunctory responses are not entitled to *de novo* review.

Petitioner objects to "the complete omission of actual discussion of my points and facts . . . as to explan why [he is] not correct." (Pet. Obj. at 3.) Petitioner "object[s] to all and each conclusion in the R&R without stating why, because there is no why to object to." (*Id.*) These vague arguments provide nothing for this Court to review, and they are without merit because this Court finds that the Report is thorough, well-reasoned, and adequately supported by law.

*Objection 7.*

Petitioner's objection is again vague and conclusory, alleging that the Report neglected to discuss various "points and facts" but failing to identify how the Report erred and how such errors may have prejudiced him. This Court's review of the record and the Report reveals that

the issues and claims that Petitioner argues have not been considered have in fact been addressed as reflected in the Report.

Petitioner's additional allegation related to his plea and his claim that it was not knowing or voluntary is without merit. The Report finds, and the transcript of his hearing at which he pled guilty reveals, that Petitioner's plea was knowing and voluntary, that he was aware and understood the consequences of his guilty plea, that he understood he had the right to plead not guilty and proceed to a jury trial, and that he was satisfied by the representation his counsel had provided.

*Objection 8.*

Petitioner again makes vague and unsupported objections that the Report did not consider various claims that are in fact discussed in the Report.

As discussed above, the Report fully reviewed and discussed Petitioner's assertion that his plea was not knowing and voluntary, and this Court's review of the record shows that Petitioner understood the consequences of his plea based on advice given by the sentencing court and by counsel.

Additionally, Petitioner is incorrect in stating that his jurisdictional claims were never considered because they were addressed in the Report. (*See* Report at 10-11.)

*Objection 9.*

Petitioner objects to "the Court's procedural performance in the truth-seeking process." (Pet. Obj. at 5.) It is difficult to ascertain precisely what Petitioner is attempting to argue in this objection. Petitioner argues, for example, that "[o]nce the Court activated the truth-seeking device it should have done so fully." (*Id.* at 5.)

Petitioner also refers to various documents and notes, appearing to complain that he was not given certain unidentified documents and was not provided answers from various people, including the sentencing judge. (*Id.* at 5-6 (Petitioner wished to "direct questions to . . . Mr. Norelle, subpoena [] his personal notes and and [sic] agenda, hotel and airline records, questions to Mr. Norelle's office employees and secretary."

Petitioner, however, has not explained what information he sought nor on what basis he believes he was entitled to ask questions of these individuals. Petitioner also fails to establish that these documents were not part of the record and does not show how he was in any way deprived of due process, or that the court in any way acted improperly.

The remainder of this objection is similarly vague and conclusory and fails to provide any basis upon which this Court should decline to adopt the Report's findings. Petitioner appears to claim that he was denied due process by the court's failure to "have directed . . . straight questions to each specific Prosecutor." (Pet. Obj. at 8.)  This claim is without merit. Petitioner's claim that there has not been a "full development of the facts, claims, and thus determination" is, again, conclusory, unsupported, and insufficient to compel this Court a different conclusion than that reached by the Report.

As such, Petitioner fails to identify which aspects of the Report are incorrect and does not adequately address any constitutional deficiencies that would entitle him to habeas relief.

*Objection 10.*

Petitioner objects to the Report "having relied on the contents of footnotes to determine and deny the corresponding claims, as if their contents were set forth in the body of the writ. And to avoid the necessity of an evidentiary hearing to assess credibility determination." (Pet. Obj. at 8.)  This claim is vague and fails to identify with any specificity the portion or portions or

the Report to which Petitioner objections.  In any event, Petitioner's claim is entirely without merit.

*Objection 11.*

Petitioner argues that the Report incorrectly found that his plea bargain was not "misinformed, unintelligent, and involuntary" as Petitioner claimed on the basis that he was not informed by trial counsel that by pleading guilty he would be waiving his right to make certain collateral challenges to his conviction.

Petitioner's objection is vague and non-specific and in any event, it is without merit.

As stated above, the Report finds and the record supports that Petitioner's plea was knowing and voluntary and that he was advised by the sentencing court and by counsel of the consequences of his plea.

## CONCLUSION

This Court concurs with the Report and Recommendation's finding that the petition for a writ of habeas corpus under 28 U.S.C. § 2255 be denied, and adopts the Report and Recommendation in its entirety as the order of this Court.  The Petition is hereby DENIED.

Additionally, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).  This Court further finds that an appeal from this Order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

May 21, 2013

_____

RICHARD OWEN
UNITED STATES DISTRICT JUDGE